```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS

CHAVANNES FLEURY,              )
                               )
         Petitioner            )
                               )    Civil Action No.
     v.                        )    04cv12187-REK
                               )
JOSEPH F. MCDONOUGH, Sheriff   )
                               )
                               )
         Respondent[1]         )
```

### RETURN AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**SUMMARY STATEMENT**

The Court should dismiss the petition for lack of subject matter jurisdiction, and for failure to state any claim upon which relief may be granted. The Court lacks jurisdiction to review petitioner's administratively non-final removal order, and petitioner's detention as a criminal alien pending a final determination of his removability is lawful as authorized by statute and the Supreme Court decision in Demore v. Kim, 123 S.Ct. 1708 (2003).

**FACTUAL BACKGROUND**

Petitioner is a native and citizen of Haiti who applied for admission to the United States as a returning resident alien on April 3, 2003.  After it was determined that petitioner had been convicted on August 29, 2002, of 4 Counts of Larceny from a Person, petitioner was placed into removal

proceedings as an arriving alien and charged with removability based upon his inadmissibility as an alien convicted of a crime involving moral turpitude.  See 8 U.S.C. § 1182(a)(2)(A)(i)(I) (inadmissible as an alien convicted of a crime involving moral turpitude).

At a hearing before an Immigration Judge on January 8, 2004, petitioner was found to be removable as charged, and was ordered removed to Haiti.  Petitioner appealed that removal order to the Board of Immigration Appeals ("BIA"), where proceedings are now pending determination.

Petitioner remains detained pending the BIA's determination of his appeal under the provisions of 8 U.S.C. § 1226(c)(1)(A) as an alien who is inadmissible by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) (viz., 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien convicted of a crime involving moral turpitude).

**ARGUMENT**

I.   THE COURT LACKS JURISDICTION TO REVIEW PETITIONER'S REMOVAL ORDER BECAUSE PETITIONER HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS REQUIRED BY 8 U.S.C. § 1252(d)(1).

To the extent that the pro se petition could be construed to challenge petitioner's non-final order of removal, the Court lacks subject matter jurisdiction because of petitioner's failure to satisfy the statutory exhaustion requirement of

---

[1] See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United

2

section 242(d)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(d)(1).  Petitioner has failed to exhaust his administrative remedies with respect to challenge of his removal order because his administrative appeal is still pending determination.

> Section § 1252(d)(1) of Title 8, U.S.C., directs that:
>
> a court may review a final order of removal only if--
>
> (1) the alien has exhausted all administrative remedies available to the alien as of right   . . . .

In Sayyah v. Farquharson, 382 F.3d 20, 26 (1st Cir. 2004) the First Circuit held that an alien could not maintain a habeas corpus action seeking review of issues that could have been but were not exhausted administratively. The Sayyah decision directly controls the instant case in that the First Circuit there declared "[w]e conclude that [8 U.S.C.] section 1252(d)'s exhaustion requirement applies generally to habeas corpus petitions. To hold otherwise would drastically limit the utilization of a salutary principle customarily applied in respect to administrative proceedings. Such an interpretation would allow an alien subjected to an adverse decision to reject the very administrative review processes established to correct mistakes and to insist, instead, upon immediate access to a federal court. Accordingly, we hold that section 1252(d)'s exhaustion requirement applies broadly to all forms of court

---

States in a suit pending in a court of the United States").

review of final orders of removal, including habeas corpus."
Id.

Accordingly, because the question of petitioner's removability is on appeal to the BIA and has not yet been exhausted administratively, this Court lacks jurisdiction to review his non-final removal order.

II. PETITIONER IS LAWFULLY DETAINED PENDING A DETERMINATION OF HIS REMOVABILITY.

To whatever extent the petition may also be read to challenge petitioner's continuing detention, the petition fails to state a claim upon which relief may be granted, because petitioner's continuing detention pending a final administrative determination of his removability at the BIA is lawful as authorized by statute and by Supreme Court precedent.

It is provided by law that an alien in removal proceedings may generally be detained "pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  More particularly, at 8 U.S.C. § 1226(c)(1)(B), continuing detention is directed for criminal aliens in removal proceedings after their release from criminal custody. See generally 8 C.F.R. § 1236.1(c)(1)(same).

In Demore v. Kim, 123 S.Ct. 1708 (2003), the Supreme Court addressed the statutory provision governing the continuing detention of criminal aliens like the instant petitioner and expressly declared: "[w]e hold that Congress, justifiably concerned that deportable criminal aliens who are not detained

4

continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings."  Id. at 1712.

Accordingly, because petitioner was ordered removed as a criminal alien, his continuing detention pending determination of his BIA appeal is authorized by law, petitioner has failed to state a claim of unlawful detention, and the case should be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For all the reasons set out above, the Court should dismiss this action and deny all other relief sought.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  s/Frank Crowley
                              FRANK CROWLEY
                              Special Assistant U.S. Attorney
                              Department of Homeland Security
                              P.O. Box 8728
                              J.F.K. Station
                              Boston, MA 02114
                              (617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of the above document to be served upon pro se petitioner by mail on November 16, 2004.

<pre>
                              s/Frank Crowley
                              FRANK CROWLEY
                              Special Assistant U.S. Attorney
                              Department of Homeland Security
                              P.O. Box 8728
                              J.F.K. Station
                              Boston, MA 02114
</pre>