```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

CHAVANNES FLEURY,
            Petitioner,

                                        CIVIL ACTION

    v.

                                        NO.  04-12187-REK

JOSEPH MCDONOUGH, et al.,
            Respondents.

                  FURTHER PROCEDURAL ORDER
        ON APPLICATION TO PROCEED *IN FORMA PAUPERIS*

    For the reasons stated below, petitioner is directed to either pay the $5 filing fee for this action or submit a certified prison account statement within 42 days of the date of this order.

### FACTS

    On October 13, 2004, Chavannes Fleury, an immigration detainee at Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under Section 2241 seeking release or removal.  On October 20, 2004, I directed the petition be served on the Respondent and that Petitioner either pay the $5.00 filing fee, or submit an application to proceed without prepayment of the filing fee, accompanied by her prison account statement for the past six months. On October 26, 2004, the Petitioner submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Docket no. 3), but failed to submit her prison account transaction information for the past six months.

### ANALYSIS

    A party filing a Section 2241 habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees.  See 28

```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

CHAVANNES FLEURY,
              Petitioner,
                                             CIVIL ACTION
        v.
                                             NO.  04-12187-REK
JOSEPH MCDONOUGH, et al.,
              Respondents.

<u>FURTHER PROCEDURAL ORDER</u>
<u>ON APPLICATION TO PROCEED *IN FORMA PAUPERIS*</u>

For the reasons stated below, petitioner is directed to either pay the $5 filing fee for this action or submit a certified prison account statement within 42 days of the date of this order.

<u>FACTS</u>

On October 13, 2004, Chavannes Fleury, an immigration detainee at Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under Section 2241 seeking release or removal.  On October 20, 2004, I directed the petition be served on the Respondent and that Petitioner either pay the $5.00 filing fee, or submit an application to proceed without prepayment of the filing fee, accompanied by her prison account statement for the past six months. On October 26, 2004, the Petitioner submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Docket no. 3), but failed to submit her prison account transaction information for the past six months.

<u>ANALYSIS</u>

A party filing a Section 2241 habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees.  <u>See</u> 28

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

CHAVANNES FLEURY,
        Petitioner,

                                            CIVIL ACTION

    v.

                                            NO.  04-12187-REK

JOSEPH MCDONOUGH, et al.,
        Respondents.

### FURTHER PROCEDURAL ORDER
### ON APPLICATION TO PROCEED *IN FORMA PAUPERIS*

For the reasons stated below, petitioner is directed to either pay the $5 filing fee for this action or submit a certified prison account statement within 42 days of the date of this order.

### FACTS

On October 13, 2004, Chavannes Fleury, an immigration detainee at Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under Section 2241 seeking release or removal. On October 20, 2004, I directed the petition be served on the Respondent and that Petitioner either pay the $5.00 filing fee, or submit an application to proceed without prepayment of the filing fee, accompanied by her prison account statement for the past six months. On October 26, 2004, the Petitioner submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Docket no. 3), but failed to submit her prison account transaction information for the past six months.

### ANALYSIS

A party filing a Section 2241 habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees. See 28

U.S.C. § 1914(a) (fees); § 1915 (proceedings in forma pauperis). An application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. Rule 3(a) of the Rules Governing Section 2254 Cases (if petitioner desires to prosecute petition in forma pauperis, he shall file the affidavit required by § 1915 and a certified statement of amount of funds in prisoner's institutional account); Rule 1(b) (Rules governing Section 2254 cases may be applied to other habeas corpus applications at discretion of Court); see 28 U.S.C. § 1915(a)(2). Because Petitioner has not submitted a filing fee or the requisite prison account information, but has attempted to seek a waiver of the $5.00 filing fee, the Petitioner shall be granted additional time to provide the certified prison account statement to this Court.

## CONCLUSION

If Petitioner wishes to proceed with this action, Petitioner shall, within 42 days of the date of this order, submit <u>a certified account statement for the 6-month period immediately preceding the filing of this petition</u> or this action will be dismissed without prejudice for failure to pay the filing fee.
SO ORDERED.
Dated at Boston, Massachusetts, this <u>16th</u> day of <u>November</u>, 2004.

/s/ Robert E. Keeton
ROBERT E. KEETON
SENIOR, UNITED STATES DISTRICT JUDGE

U.S.C. § 1914(a) (fees); § 1915 (proceedings in forma pauperis). An application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. Rule 3(a) of the Rules Governing Section 2254 Cases (if petitioner desires to prosecute petition in forma pauperis, he shall file the affidavit required by § 1915 and a certified statement of amount of funds in prisoner's institutional account); Rule 1(b) (Rules governing Section 2254 cases may be applied to other habeas corpus applications at discretion of Court); see 28 U.S.C. § 1915(a)(2). Because Petitioner has not submitted a filing fee or the requisite prison account information, but has attempted to seek a waiver of the $5.00 filing fee, the Petitioner shall be granted additional time to provide the certified prison account statement to this Court.

CONCLUSION

If Petitioner wishes to proceed with this action, Petitioner shall, within 42 days of the date of this order, submit <u>a certified account statement for the 6-month period immediately preceding the filing of this petition</u> or this action will be dismissed without prejudice for failure to pay the filing fee.
SO ORDERED.
Dated at Boston, Massachusetts, this <u>16th</u> day of <u>November</u>, 2004.

/s/ Robert E. Keeton
ROBERT E. KEETON
SENIOR, UNITED STATES DISTRICT JUDGE

2

U.S.C. § 1914(a) (fees); § 1915 (proceedings in forma pauperis). An application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. Rule 3(a) of the Rules Governing Section 2254 Cases (if petitioner desires to prosecute petition in forma pauperis, he shall file the affidavit required by § 1915 and a certified statement of amount of funds in prisoner's institutional account); Rule 1(b) (Rules governing Section 2254 cases may be applied to other habeas corpus applications at discretion of Court); see 28 U.S.C. § 1915(a)(2). Because Petitioner has not submitted a filing fee or the requisite prison account information, but has attempted to seek a waiver of the $5.00 filing fee, the Petitioner shall be granted additional time to provide the certified prison account statement to this Court.

                              CONCLUSION

   If Petitioner wishes to proceed with this action, Petitioner shall, within 42 days of the date of this order, submit a certified account statement for the 6-month period immediately preceding the filing of this petition or this action will be
dismissed without prejudice for failure to pay the filing fee.
SO ORDERED.
Dated at Boston, Massachusetts, this 16th day of November, 2004.


                                    /s/ Robert E. Keeton
                                    ROBERT E. KEETON
                                    SENIOR, UNITED STATES DISTRICT JUDGE


                                    2