UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHAVANNES FLEURY,  )<br>    Petitioner,  )<br>  )<br>v.  )<br>  )<br>JOSEPH MCDONOUGH, ET,  )<br>    Respondents.  ) | CIVIL ACTION NO.<br>04-12187-REK |

## MEMORANDUM AND ORDER

KEETON, S.J.

On October 13, 2004, Petitioner Chavannes Fleury, an immigration detainee at Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking release or removal. On January 10, 2005, this action was dismissed without prejudice for failure of Petitioner to comply with the November 16, 2004 Order (#6) directing Petitioner to either pay the $5.00 filing fee or file a completed Application to Proceed *in forma pauperis*.

On July 18, 2005, Petitioner sent a letter to this Court complaining about prolonged custody with no likelihood of removal to Haiti in the foreseeable future (See Letter, docket #8). Upon the Court's inquiry with counsel for Respondents into the status of the Petitioner's removal, the Court was advised that after the dismissal of this action, on March 17, 2005, Petitioner's case was remanded to the Immigration Judge by the Board of Immigration Appeals for further proceedings, and on May 19, 2005, a final order of removal entered by the Immigration Judge.[1] Petitioner remains in detention pending removal to Haiti. Removal has not been scheduled, however, the Respondents do not anticipate that circumstances will prevent

---

[1] Mr Fleury waived administrative appeal, and the May 19, 2005 constituted a final order of removal.

Petitioner's removal in the reasonably foreseeable future.

In view of this reported status, Petitioner's claims of unlawful prolonged detention are not yet ripe, since Fleury has not been in immigration custody for a period in excess of six months, with no reasonable likelihood of removal in the foreseeable future. See Zadvydas v. Davis, 533 U.S. 678 (2001).  In Zadvydas, the Supreme Court held that after a reasonable post-removal period of six (6) months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  Zadvydas, 533 U.S. at 701.

Since Petitioner has been in custody under a final order of removal since May 19, 2005, the Court will not take further action at this time to re-open this case, except to ORDER the Respondents to provide this Court with a Status Report with respect to Petitioner's removal status by no later than November 19, 2005.  If the Petitioner remains in custody with no significant likelihood of removal in the foreseeable future, the Respondent shall also report on proposed release conditions pending removal.  If the Petitioner is removed prior to November 19, 2005, the Respondent shall file a notice to this effect.[2]

SO ORDERED.

DATED: September 14, 2005

/s/ Robert E. Keeton
ROBERT E. KEETON
SENIOR, UNITED STATES DISTRICT JUDGE

---

[2] The Court will defer on the unresolved filing fee issues.